UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

**v.**                                              **CASE NO. 3:25-CR-108-JEP-MCR**

**DALE GROGAN**

## ORDER

At the November 4, 2025, hearing on the Defendant's Motion for a Competency Hearing (Doc. 26), the Defendant moved for commitment of Dale Grogan to the custody of the Attorney General for a competency evaluation and a sanity evaluation pursuant to 18 U.S.C. §§ 4241, 4242, and 4247. The United States agreed that both evaluations are warranted. The defense also filed a report from a medical professional, who opined that the Defendant is suffering from a cognitive impairment that may render him unable to understand the nature and consequences of the proceeding or to assist properly in his defense. (Doc. 26).

Having reviewed the filings and heard the parties' positions, the Court finds there is reasonable cause to believe that an examination of the Defendant is necessary and proper to determine if he is competent to stand trial and was sane at the time of the offense pursuant to 18 U.S.C. §§ 4241, 4242, and 4247. Accordingly, it is

**ORDERED:**

1.     The Defendant's Oral Motion for an evaluation to be conducted by the Bureau of Prisons is **GRANTED**.

1

2.      Pursuant to 18 U.S.C. §§ 4241, 4242, and 4247, the Defendant is committed to the custody of the Attorney General for placement in a suitable facility for a reasonable period, but not to exceed forty-five (45) days, for a psychiatric or psychological examination to determine if he is competent to stand trial (18 U.S.C. § 4241(a)) and whether the Defendant was sane at the time of the offense (18 U.S.C. § 4242(a)).  The examiner(s) shall issue two reports, one as to competency and one as to sanity.  Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to this Court.  18 U.S.C. § 4247(b).  A licensed or certified psychiatrist or psychologist or, if deemed appropriate by the director of the facility, more than one such examiner, shall conduct the examination.  The director of the facility may apply to this Court for a reasonable extension of time, but not to exceed thirty (30) days, upon a showing of good cause that additional time is necessary to observe and evaluate the Defendant.  Id.

3.      As to competency, the examiner shall assess the Defendant's ability to understand the nature and consequences of the proceedings against him and his ability to assist properly in his defense.  Upon completion of the examination, the examiner shall promptly prepare a written report in accordance with the requirements identified in 18 U.S.C. § 4247(c) that specifically includes the following items:

(1)     the Defendant's history and present symptoms;

(2)     a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3)     the examiner's findings;

(4)     the examiner's opinions as to diagnosis and prognosis; and,

2

(5) whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

4. As to the insanity examination ordered under 18 U.S.C. § 4242, the report must, at a minimum, address items (1) through (3) above and whether the person was insane at the time of the offense charged, along with whether the defendant was suffering from some mental disease or defect that may bear on the issue of his guilt (Fed. R. Crim. P. 12.2) at the time of the offense charged.

5. The examiner(s) shall furnish the reports to Monte C. Richardson, United States Magistrate Judge, 300 North Hogan Street, Jacksonville, Florida 32202, with copies to Sabra Barnett, Esq., 200 West Forsyth Street, Suite 1240, Jacksonville, Florida 32202, and to Laura Cofer Taylor, Assistant United States Attorney, 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202.

6. The United States Marshal for this District shall transport or make arrangements for the transport of the Defendant to the designated suitable facility for the purpose of the examination and, upon completion of the examination, the United States Marshal shall return or make arrangements for the return of the Defendant to a detention facility near Jacksonville, Florida.

7. A copy of this Order shall be personally served on the Defendant by the United States Marshal or his duly authorized representative.

3

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of November, 2025.

MONTE C. RICHARDSON
United States Magistrate Judge

Copies to:
AUSA Laura Cofer Taylor
Sabra Barnett, Esq.
U.S. Marshals Service (4 certified)
Dale Grogan (Defendant)

4